# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

United States of America,

      Plaintiff/ Respondent,

v.                            **MEMORANDUM OF LAW AND ORDER**
                                   Criminal File No. 04-84 (MJD/RLE)

Loren Westberg,

      Defendant/ Petitioner.

_____

John E. Kokkinen, Assistant U.S. Attorney, Counsel for Plaintiff.

Loren Westberg, pro se.

_____

## I. Introduction

This matter is before the Court on Petitioner's Motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 24].

## II. Background

A one-count indictment against Petitioner Loren Westberg was filed in the District of Minnesota charging him with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) on February 18, 2004.  Petitioner

entered into a Plea Agreement in which he agreed to plead guilty to the charged offense.  In the Plea Agreement, the parties agreed that Petitioner qualified as an armed career criminal, which is defined in the Armed Career Criminal Act ("ACCA") as one "who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(3)(1).  As an armed career criminal, Petitioner was subject to a mandatory minimum sentence of fifteen years.  Id.

The parties also agreed to the United States Sentencing Guidelines calculations of: total offense level 31; criminal history IV; and a guideline range for imprisonment of 188 to 235 months.  The United States agreed to recommend the low end of the applicable guideline range and did not oppose Petitioner's request that the sentence run concurrently with the undischarged portion of his existing state sentence.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that the Petitioner qualified for an enhanced sentence under the ACCA because he had at least three qualifying convictions.  Specifically, the PSR noted that Petitioner had prior convictions of Second

Degree Burglary on February 29, 1996, Second Degree Assault on August 29, 1996, Third Degree Burglary on August 29, 1996, and Third Degree Burglary on July 31, 1997. (PSR ¶ ¶ 21, 26, 29).[1]

At sentencing, the Court adopted the factual findings of the report. The Court sentenced the Petitioner to 188 months imprisonment, to run concurrently with any undischarged sentences the Petitioner was currently serving. Petitioner did not appeal. On August 31, 2015, Petitioner filed this § 2255 motion to vacate, set aside or correct his sentence.

## III. Habeas Petition

### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

---

[1] In response to Petitioner's motion, the government has submitted copies of court records regarding four prior convictions that qualify as crimes of violence for purposes of the ACCA and there appears to be some inconsistencies between these documents and the recitation of Petitioner's criminal history in the PSR. Such inconsistencies do not alter the Court's analysis of the issues raised in the instant motion, however.

3

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In response to such a motion, the court shall give a prompt hearing therein to identify the issues, make findings of fact and determinations of law, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if…the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)(internal citations omitted).

Section § 2255(h)(2) allows for a habeas action based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." If a petitioner wishes to assert such a new rule, it must be done within one year of the date the United States Supreme Court recognized the new right. 28 U.S.C. § 2255(f)(3).

    **B.**    **Petitioner's Stated Grounds for Relief**

Petitioner's claim for relief is based on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). At the time Johnson was decided, violent felonies were defined in the ACCA as: a crime punishable

4

by at least one year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another;" or is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 28 U.S.C. § 924(e)(1)(i),(ii) (emphasis added).  Courts referred to the last clause as the "residual clause."  In Johnson, the Court found that increasing a prison sentence under the residual clause violates due process, because such residual clause is unconstitutionally vague.

Petitioner asserts that he was determined to be an armed career criminal based on the application of the residual clause to his prior convictions.  Petitioner contends that due to the Court's ruling, some of his prior felony convictions no longer qualify as violent felonies and therefore, his sentence should be corrected. Id.  Petitioner additionally contends that since he has already served more than ten years of his 188 month sentence, ten years being the statutory maximum for a felon in possession charge where the ACCA is not applied, he should be immediately released. Id.

      **1. Timeliness of Motion**

Johnson was decided by the United States Supreme Court on June 26, 2015 and this motion was filed on August 31, 2015.  Therefore the motion complies with the requirement that it be filed within one year of the decision. 28 U.S.C. § 2255(f)(3).

**2.  Application of the Johnson ruling to Petitioner's Sentence**

There is no dispute that the ruling in Johnson is retroactively applicable on collateral review.   However, the Court finds that the Johnson decision provides Petitioner no relief, as his ACCA status was not determined based on the residual clause.

Petitioner has at least four prior convictions that are appropriately deemed violent felonies under the ACCA.  He has three previous burglary convictions.  As the crime of burglary is one of the enumerated crimes included in the statutory definition of violent felony, the residual clause is not implicated.  Further, the United States Supreme Court has defined "burglary" for purposes of the ACCA as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990); see also Shepard v. United States, 544 U.S. 13, 15–16 (2005) ("The

[ACCA] makes burglary a violent felony only if committed in a building or enclosed space . . . ."). Minnesota has defined Second Degree Burglary consistent the Supreme Court's definition.

> Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, commits burglary in the second degree and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both, if:
>
> (a) the building is a dwelling;
>
> (b) the portion of the building entered contains a banking business or other business of receiving securities or other valuable papers for deposit or safekeeping and the entry is with force or threat of force;
>
> (c) the portion of the building entered contains a pharmacy or other lawful business or practice in which controlled substances are routinely held or stored, and the entry is forcible, or
>
> (d) when entering or while in the building, the burglar possesses a tool to gain access to money or property.

Minn. Stat. § 609.582 subd. 2.

Similarly, the Eighth Circuit has held that a Third Degree Burglary offense under Minnesota law is a violent felony under the enumerated-crimes clause of the ACCA. See United States v. Sonczalla, 561 F.3d 842, 846 (8th Cir. 2009) (Third

Degree Burglary conviction under Minn. Stat. § 609.582 is a violent felony under § 924(e)(2)(B)(ii)).

Petitioner also has a prior conviction for Second Degree Assault with a dangerous weapon in violation of Minn. Stat. § 609.222 subd. 1, which provides "Whoever assaults another with a dangerous weapon may be sentenced to imprisonment for not more than seven years or to payment of a fine of not more than $14,000, or both." "Assault" is defined as "(1) an act done with intent to cause fear in another of immediate bodily harm or death" or "(2) the intentional inflection of or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02, subd. 10.  It is thus clear that a conviction under Minn. Stat. § 609.222, subd. 1 qualifies as a violent felony under the ACCA because such crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).  See Johnson v. United States, 559 U.S. 133, 140 (2010)(finding that "physical force" under the ACCA should be defined as involving violent force or force capable of causing physical pain or injury to another person); see also United States v. Forest 611 F.3d 908, 910 (8th Cir. 2010)(applying the definition of physical force from Johnson); United States v. Pulliam, 566 F.3d 784, 788 (8th Cir. 2009) (finding crime of unlawful use of a

8

weapon under Missouri law qualified as a violent felony because it criminalized "exhibit[ing], in the presence of one or more persons, any weapon capable of lethal use in an angry or threatening manner").

Because Petitioner was convicted of a violation under 18 U.S.C. § 922(g) and has at least three prior convictions that fall within the statutory definition of "violent felony," the Petitioner continues to be properly deemed an armed career criminal.  Accordingly, Petitioner is not entitled to his requested relief.

## IV.     Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Doc. No. 24] is **DENIED** and the case **DISMISSED WITH PREJUDICE**; and

2. The Court denies a Certificate of Appealabiltiy in this case.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

**Date:  March 14, 2016**

s/ Michael J. Davis
**Michael J. Davis
United States District Court**
